IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CR-268-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| PRESTON OBRYAN MILES, | ) | |
| Defendant. | ) | |

On March 26, 2021, Preston Obryan Miles ("Miles" or "defendant"), moved for appointment of counsel to assist him in filing a compassionate release motion [D.E. 42]. That same day the court appointed counsel for Miles pursuant to standing order 19-SO-3 [D.E. 43].[1] On September 30, 2021, Miles, through counsel, moved for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 46] and filed documents in support [D.E. 47]. On October 12, 2021, the government responded in opposition [D.E. 50]. On October 19, 2021, Miles replied [D.E. 51]. As explained below, the court denies Miles's motion.

I.

On November 1, 2019, pursuant to a written plea agreement, Miles pleaded guilty to possession with intent to distribute a quantity of heroin and a quantity of cocaine (count one), and possession of firearms in furtherance of a drug trafficking crime (count two). See [D.E. 22, 24].

---

[1] Although the court appointed counsel for Miles for his compassionate release motion, see [D.E. 43], Miles's motion for appointment of counsel remains outstanding. Because the court appointed counsel for Miles and counsel represented Miles throughout his compassionate release process, the court denies as moot Miles's motion to appoint counsel.

On February 13, 2020, the court held Miles's sentencing hearing and adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)–(B); PSR [D.E. 28]; [D.E. 38]. The court calculated Miles's total offense level to be 12, his criminal history category to be III, and his advisory guideline range to be 15 to 21 months' imprisonment on count one and 60 months' consecutive imprisonment on count two. See PSR ¶ 68. After considering the arguments of counsel and all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Miles to 18 months' imprisonment on count one and 60 months' consecutive imprisonment on count two for a total of 78 months' imprisonment. See [D.E. 38, 40]. Miles did not appeal.

On September 30, 2021, Miles moved for compassionate release. See [D.E. 42]. The government opposes the motion. See [D.E. 50].

## II.

Under 18 U.S.C. § 3582(c)(1)(A), a court may reduce a defendant's term of imprisonment if (1) "extraordinary and compelling reasons warrant such a reduction" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison," and the Director of the Bureau of Prisons ("BOP") has determined the defendant is not a danger to another person or the community. 18 U.S.C. § 3582(c)(1)(A); see United States v. Hargrove, 30 F.4th 189, 194 (4th Cir. 2022); United States v. High, 997 F.3d 181, 185–86 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 330 (4th Cir.) (per curiam), cert. denied, 142 S. Ct. 383 (2021); United States v. McCoy, 981 F.3d 271, 275–77 (4th Cir. 2020). A section 3582(c)(1)(A) sentence reduction must comport with the 18 U.S.C. § 3553(a) factors and applicable Sentencing Commission policy statements. See 18 U.S.C. § 3582(c)(1)(A); Hargrove, 30 F.4th at 194.

Before filing a motion under 18 U.S.C. § 3582(c)(1)(A), a defendant must "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the

2

defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). This requirement is nonjurisdictional, and the government waives a defense based on section 3582(c)(1)(A)'s exhaustion requirements if the government does not timely raise it. See United States v. Muhammad, 16 F.4th 126, 129–30 (4th Cir. 2021).

When considering a defendant's compassionate release motion, the court determines whether extraordinary and compelling circumstances exist and whether, in the court's discretion, those circumstances warrant relief in light of relevant factors in 18 U.S.C. § 3553(a) and applicable Sentencing Commission policy statements. See Hargrove, 30 F.4th at 194–95; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–32. In evaluating the section 3553(a) factors, the court considers, inter alia, the nature and circumstances of the offense, the history and characteristics of the defendant, a defendant's post-sentencing conduct, the need to deter criminal behavior, the need to promote respect for the law, and the need to protect the public. See 18 U.S.C. § 3553(a); Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); Pepper v. United States, 562 U.S. 476, 480–81 (2011); High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32; United States v. McDonald, 986 F.3d 402, 412 (4th Cir. 2021); United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019). Although a court considers a defendant's post-sentencing conduct, rehabilitation alone is not an extraordinary and compelling reason for a sentence reduction. See 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13 cmt. n.3; McCoy, 981 F.3d at 286 n.9.

No Sentencing Commission policy statement currently applies to a defendant's compassionate release motion. See Hargrove, 30 F.4th at 194; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–31; McCoy, 981 F.3d at 281–82. U.S.S.G. § 1B1.13 is a policy statement that applies to compassionate release motions filed by the BOP Director. Nonetheless, section 1B1.13 "remains

3

helpful guidance even when motions are filed by defendants." McCoy, 981 F.3d at 282 n.7; see Hargrove, 30 F.4th at 194. Application Note 1 of U.S.S.G. § 1B1.13 lists several extraordinary and compelling circumstances, including (A) a defendant's serious medical condition, (B) a defendant's age, when coupled with serious physical or mental deterioration due to age and having served 10 years or 75 percent of his or her sentence, (C) certain family circumstances in which a defendant's minor children or incapacitated spouse or registered partner would otherwise have no caregiver, or (D) any other extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1(A). "[A]n extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant" a sentence reduction. Id. § 1B1.13 cmt. n.2.

On April 13, 2021, Miles applied to his warden for compassionate release. See [D.E. 46] 2, 14. Miles received no response, more than 30 days lapsed before Miles moved for compassionate release, and the government has not invoked section 3582(c)(1)(A)'s exhaustion requirements. See id. Therefore, the court addresses Miles's motion on the merits. See Muhammad, 16 F.4th at 130.

Miles seeks compassionate release pursuant to section 3582(c)(1)(A) and cites the COVID-19 pandemic, his medical conditions (hypertension, obesity, high cholesterol, and a history of smoking), his rehabilitation efforts, his release plan, and his supportive family. See [D.E. 46] 3–4, 6, 7–12; [D.E. 51] 4–5.

As for the medical condition of the defendant policy statement, the policy statement requires that the defendant be "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). Miles is obese and has hypertension, high cholesterol, and a history of smoking and argues these medical conditions put him at heightened risk of serious infection from COVID-19. See [D.E. 46]

4

4, 7–12. Other than the risk from COVID-19, Miles does not argue that the BOP not providing needed treatment for his medical conditions or that he is unable to manage his medical conditions while incarcerated. And Miles has already had and recovered from COVID-19 and is vaccinated. See [D.E. 50-1] 1; [D.E. 50-2]. Miles's natural antibodies and the vaccine provide protection. See, e.g., United States v. Jacques, No. 20-3276, 2022 WL 894695, at *2 (2d Cir. Mar. 28, 2022) (unpublished); United States v. Scalea, No. 21-2631, 2022 WL 795425, at *1 (3d Cir. Mar. 15, 2022) (unpublished) (noting that although "vaccination does not rule out reinfection . . . this does not diminish that vaccination mitigates the risk of COVID-19 complications"); United States v. Shettler, No. 21-10484, 2022 WL 620311, at *4 (11th Cir. Mar. 3, 2022) (per curiam) (unpublished); United States v. Ibarra, No. 21-10255, 2022 WL 229198, at *1 (9th Cir. Jan. 25, 2022) (unpublished); Garrett v. Murphy, 17 F.4th 419, 433 & n.7 (3d Cir. 2021) (discussing natural immunity as a result of recovering from COVID-19); United States v. Lemons, 15 F.4th 747, 751 (6th Cir. 2021) ("And following full vaccination, it is now well understood, both the likelihood of contracting COVID-19 and the associated risks should one contract the virus are significantly reduced" so that "an inmate largely faces the same risk from COVID-19 as those who are not incarcerated."); United States v. Hald, 8 F.4th 932, 936 n.2 (10th Cir. 2021) (noting "there is certainly room for doubt" that being fully vaccinated or being offered a vaccine "would support a finding of 'extraordinary and compelling reasons'" justifying compassionate release), cert. denied, 142 S. Ct. 2742 (2022); United States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release."); United States v. Baeza-Vargas, 532 F. Supp. 3d 840, 843–46 (D. Ariz. 2021) (collecting cases showing the "growing consensus" of district courts that have ruled that an inmate receiving a COVID-19 vaccine "weighs against a

5

finding of extraordinary and compelling circumstances"); cf. United States v. Petway, No. 21-6488, 2022 WL 168577, at *2 (4th Cir. Jan. 19, 2022) (per curiam) (unpublished). And the wide availability of COVID-19 vaccines greatly diminishes the risk to Miles from COVID-19 whether he is in prison or not. See, e.g., Scalea, 2022 WL 795425, at *1; Ibarra, 2022 WL 229198, at *1; Lemons, 15 F.4th at 751; Hald, 8 F.4th at 936 n.2; Broadfield, 5 F.4th at 803; Baeza-Vargas, 532 F. Supp. 3d at 843–46. Therefore, reducing Miles's sentence because of his risk factors and the general risk of COVID-19 in the prison environment does not comport with application note 1(A). See 18 U.S.C. § 3582(c)(1)(A).

As for the "other reasons" policy statement, the court assumes without deciding that the COVID-19 pandemic, Miles's medical conditions, his rehabilitation efforts, his release plan, and his supportive family together are compelling reasons under section 3582(c)(1)(A). Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). However, the section 3553(a) factors counsel against reducing Miles's sentence. See Hargrove, 30 F.4th at 194–95, 198–200; High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32.

Miles is 37 years old and is incarcerated for possession with intent to distribute a quantity of heroin and a quantity of cocaine (count one), and possession of firearms in furtherance of a drug trafficking crime (count two). See PSR ¶¶ 1–9. Miles possessed with the intent to distribute 7.46 grams of heroin, 127.8 grams of marijuana, 75 milligrams of ecstasy, and 7 grams of cocaine. See id. ¶¶ 7–9. Miles also possessed two firearms in furtherance of his drug trafficking, including a stolen pistol. See id. ¶ 7. Miles also attempted to obstruct justice. See id. ¶ 9. Miles's criminal

6

history includes repeated drug and weapon offenses. See id. ¶¶ 14–23. Before his federal conviction, Miles received convictions for possession of marijuana (four counts), public disturbance, reckless driving, carrying a concealed weapon, possession of stolen goods, possession of drug paraphernalia (two counts), and simple possession of a schedule VI controlled substance. See id. Miles also has a poor record on supervision, having obtained new charges while on probation. See id. ¶¶ 20–21, 23.

Miles has made some positive efforts while federally incarcerated. He has worked as an orderly while incarcerated. See [D.E. 46] 3. Miles also states that he wants to take courses in the BOP but had been unable to at the time of his filings due to COVID-19 lockdowns. See id. at 3. Miles has not incurred infractions while federally incarcerated. See [D.E. 50] 2.

The court must balance Miles's positive efforts while federally incarcerated with his serious criminal conduct, his serious criminal history, his history of poor performance on probation, the need to punish him, the need to promote respect for the law, the need to protect society, and the need to deter others. Cf. Concepcion v. United States, 142 S. Ct. 2389, 2403–04 (2022); Pepper, 562 U.S. at 480–81; High, 997 F.3d at 187–91; McDonald, 986 F.3d at 412; Martin, 916 F.3d at 398. The court also has considered Miles's potential exposure to COVID-19, his medical conditions, his rehabilitative efforts, and his release plan. Miles has a release plan that includes living with a family member, returning to employment as a mechanic or in another industry, and helping to care for his youngest child and assist his grandmother. See [D.E. 46] 3–4, 6; [D.E. 51] 4–5. The court recognizes Miles has a supportive family and friends. See [D.E. 46] 3–4, 6; [D.E. 51] 4–5. Having considered the entire record, the extensive steps that the BOP has taken to address COVID-19, the section 3553(a) factors, Miles's arguments, the government's persuasive response, the need to punish Miles for his extraordinarily serious criminal behavior, to incapacitate Miles, to promote respect for

7

the law, to deter others, and to protect society, the court denies Miles's motion for compassionate release. See, e.g., Concepcion, 142 S. Ct. at 2403–04; Chavez-Meza, 138 S. Ct. at 1966–68; High, 997 F.3d at 187–91; Ruffin, 978 F.3d at 1008–09; Chambliss, 948 F.3d at 693–94; United States v. Hill, No. 4:13-CR-28-BR, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), aff'd, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished).

III.

In sum, the court DENIES defendant's motion for compassionate release [D.E. 46] and DENIES as moot defendant's motion to appoint counsel [D.E. 42].

SO ORDERED. This 26 day of July, 2022.

JAMES C. DEVER III
United States District Judge

8

Case 5:19-cr-00268-D   Document 55   Filed 07/26/22   Page 8 of 8